UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-60131**  **CLOSED CIVIL CASE**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PATRICK O. WHEELER,
STEVEN S. GALLERS,
ROBERT L. CARBERRY,

    Defendants.

CIV-GRAHAM

Civil Action No.

MAGISTRATE JUDGE
TURNOFF

FILED by _____ D.C.

FEB 12 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROBERT L. CARBERRY

Plaintiff Securities and Exchange Commission ("SEC") has commenced this action by filing its Complaint.

Defendant Robert L. Carberry ("Defendant"), in the attached Consent and Undertakings of Defendant Robert L. Carberry ("Consent"), incorporated herein by reference, has entered a general appearance; admitted the jurisdiction of this Court over him and over the subject matter of this action; waived the filing of an answer and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and, without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits), consented to the entry of this Final Judgment.



It further appearing that the Court has jurisdiction over Defendant and the subject matter of this action:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange:

(1) employing any device, scheme or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 CFR § 240.10b-5].

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or

indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, as a director or officer of an issuer, directly or indirectly:

(1) making or causing to be made a materially false or misleading statement, or

(2) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant

in connection with: (a) any audit or examination of the financial statements of an issuer required to be made pursuant to Code of Federal Regulations, Title 17, Part 240, Subpart A, Sections 0-1 to 36a1-2 [17 C.F.R. §§ 240.0-1 to 240.36a1-2]; or (b) the preparation or filing of any document or report required to be filed with the SEC, in violation of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)]. Within ten days of the entry of this Final Judgment, Defendant shall pay $50,000 to the United States Treasury. Such payment shall be (a) made by United States postal order, certified check, bank cashier's check or bank money order; (b) made payable to the "Securities and Exchange Commission"; (c) hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (d) submitted with a cover letter that identifies Robert L. Carberry as a defendant in this action, the caption and the civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to James J. Bresnicky, Senior Counsel, Division of Enforcement, Securities and Exchange Commission, 450 5th Street, NW, Washington, DC 20549-0806.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent be, and hereby is, incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Date: February 11, 2002