SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-60131-CIV-GRAHAM/TURNOFF

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PATRICK O. WHEELER,
STEVEN S. GALLERS,
ROBERT L. CARBERRY,

    Defendants.



FILED by ___ D.C.

JUN 06 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT STEVEN S. GALLERS

Plaintiff Securities and Exchange Commission ("SEC") has commenced this action by filing its Complaint.

Defendant Steven S. Gallers ("Defendant"), in the attached Consent and Undertakings of Defendant Steven S. Gallers ("Consent"), incorporated herein by reference, has entered a general appearance; admitted the jurisdiction of this Court over him and over the subject matter of this action; and waived the filing of an answer and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. There has been no trial, argument, or adjudication of any issue of fact or law, or presentation of any evidence to the Court. Without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits), Defendant consents to the entry of this Final Judgment.




It further appearing that the Court has jurisdiction over Defendant and the subject matter of this action:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange:

   (1)   employing any device, scheme or artifice to defraud,

   (2)   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

   (3)   engaging in any act, practice or course of business which operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 CFR § 240.10b-5].

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from, directly or



indirectly, knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant be and hereby is permanently restrained and enjoined from acting as an officer or director of any issuer that has a class of securities registered with the SEC pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports with the SEC pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Within thirty days of the entry of this Final Judgment, Defendant shall pay $50,000 to the United States Treasury. Such payment shall be: (a) made by United States postal order, certified check, bank cashier's check or bank money order; (b) made payable to the "Securities and Exchange Commission"; (c) hand-delivered or mailed to the Comptroller, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (d) submitted with a cover letter that identifies Steven S. Gallers as a defendant in this action, the caption and the civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to James J. Bresnicky, Senior Counsel, Division

of Enforcement, Securities and Exchange Commission, 450 5th Street, NW, Washington, DC 20549-0806.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent be, and hereby is, incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

Date: _June 6_, 2002.

cc:   William H. Kuehnle, Esq.
      450 5th Street, N.W.
      Mail Stop 9-11
      Washington, DC 20008

      Counsel for plaintiff Securities
      and Exchange Commission

[continued]

Nancy Van Sant, Esq.
Sacher, Zelman, Van Sant, Paul, Beiley,
Hartman, Terzo & Waldman, P.A.
1401 Brickell Avenue
Suite 700
Miami, Florida 33131

Counsel for defendant Steven S. Gallers


Dirk Lorenzen, Esq.
Caruana & Lorenzen, P.A.
44 West Flagler Street
Suite 1000
Miami, Florida 33130

Counsel for defendant Patrick O. Wheeler

